■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN SILVA, Appellant. [995 NYS2d 912]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered January 24, 2011, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him to a term of 3½ years, with five years' post-release supervision, unanimously affirmed. Appeal from judg-

ment (same date, court and Justice), convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him to a concurrent term of one to three years, held in abeyance, motion by assigned counsel to be relieved denied without prejudice to renewal, and counsel directed to communicate with defendant forthwith concerning any issues that may be raised on appeal and the possible consequences of pursuing an appeal raising such issues, and advising defendant that he has 60 days from the date of this order to file a pro se supplemental brief.

Defendant pleaded guilty under two indictments, which were apparently consolidated for purposes of disposition, and defendant filed a single notice of appeal, which this Court deemed timely. Nevertheless, assigned appellate counsel requests permission to withdraw as counsel regarding the appeal from the burglary conviction only, asserting that there are no nonfrivolous points which could be raised as to that conviction. (*See Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976].) Having chosen to treat the convictions separately, and to invoke the *Anders/Saunders* procedure as to the burglary conviction, counsel is obligated to demonstrate to this Court that defendant was provided with a copy of the appellate brief and was informed of counsel's intention to seek withdrawal and defendant's right to file a pro se brief.

Appellate counsel does not seek permission to withdraw regarding the attempted robbery conviction. We conclude that defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]), which forecloses his excessive sentence claim. Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing defendant's period of postrelease supervision. Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.